IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KING JAMES ALBERT FLOWERS,  :
                                        :
            Plaintiff,          :
                                        :
      v.                        : Civil Action No. 22-113-CFC
                                        :
THE STATE OF DELAWARE, et al.,  :
                                        :
            Defendants.         :

King James Albert Flowers, Wilmington, Delaware.  Pro Se Plaintiff.


**<u>MEMORANDUM OPINION</u>**


April 26, 2022
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff King James Albert Flowers appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4)  He commenced this action on January 27, 2022. (D.I. 2).  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Plaintiff was born on August 23, 1979, and this is the day his cause of action accrued. (D.I. 2 at 4, 5).  According to Plaintiff, he has the status and sovereignty by birthright as the King of Delaware and the King of Israel.  (*Id.* at 4).  He alleges his legacy has been violated by the unknowing "non-recognition" of Defendants.  (*Id.*). Plaintiff alleges a calculation proves that he is the chosen King of Israel and Delaware and that Defendants unknowingly and unjustly failed to recognized him as a monarch. (*Id.* at 5).  Plaintiff asks that he receive the rights of a monarch and a sovereign.  (*Id.* at 5, 6).  He seeks compensatory damages and injunctive relief.

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515

1

F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because

Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See*

*Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490

U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112

(3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably

meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual

scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523,

530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant

to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Rule 12(b)(6)

motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before

dismissing a complaint or claims for failure to state a claim upon which relief can be

granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court

must grant Plaintiff leave to amend the complaint unless amendment would be

inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in

the complaint as true and viewing them in the light most favorable to the plaintiff, a court

concludes that those allegations "could not raise a claim of entitlement to relief." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Though "detailed factual allegations"

are not required, a complaint must do more than simply provide "labels and

2

conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

This Court finds that the Complaint contains fantastical and/or delusional claims that are insufficient to withstand the § 1915(e)(2)(B)(I) evaluation for frivolity dismissal. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (complaint may be dismissed as

lacking a basis in fact if premised upon allegations that are fanciful, fantastic, and delusional); *Golden v. Coleman*, 429 F. App'x 73 (3d Cir. 2011). In addition, according to Plaintiff, the claim accrued on August 28, 1979, yet Plaintiff did not file this action until January 27, 2022, some 42 years later. While there are some long limitation periods in the State of Delaware, this Court is unaware of any applicable statute of limitation (based upon the allegations) that allows for the filing of a civil claim more than forty years after the claim accrues.[1] *See e.g., Farnsworth v. Biden*, 2021 WL 2142881, at *2 (D. Del. May 26, 2021). The claims are clearly time-barred..

After thoroughly reviewing the Complaint and applicable law, this Court draws on its judicial experience and common sense and finds that the claims are frivolous. The Complaint will be dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV.   CONCLUSION

For the above reasons, the Court will:  (1) deny as moot all pending motions (D.I. 6, 10, 13, 14, 15); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Amendment is futile.

An appropriate Order will be entered.

---

[1] Under Delaware common law, the statute of limitations for contracts under seal is twenty years. *See Whittington v. Dragon Grp., L.L.C.,* 991 A.2d 1, 10 n.21 (Del. 2009). A cause of action based the sexual abuse of a minor by an adult may be filed at any time following the commission of the act. *See* 10 Del. C. § 8145.

4